# KRAMER LEVIN NAFTALIS & FRANKEL LLP

JOHN P. COFFEY
PARTNER
PHONE 212-715-9456
FAX 212-715-8456
SCOFFEY@KRAMERLEVIN.COM

August 29, 2017

Via Electronic Case Filing

The Honorable Naomi Reice Buchwald
United States District Judge
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re:   *In re MGT Capital Investments, Inc. Securities Litigation*, No. 1:16-cv-07415-NRB

Dear Judge Buchwald:

      We represent defendants MGT Capital Investments, Inc. ("MGT"), Robert B. Ladd and John McAfee in the above-referenced action. Pursuant to Your Honor's Individual Practice Rule 2E.1, we write to summarize the arguments advanced in Defendants' Memorandum of Law in Support of Their Motion to Dismiss the Amended Class Action Complaint with Prejudice.

      The Motion, made today pursuant to the scheduling order endorsed by the Court on May 22, 2017 (Dkt. No. 35), seeks to dismiss plaintiffs' Amended Complaint in its entirety. In particular, plaintiffs' claims -- brought under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 -- should be dismissed because plaintiffs fail to allege any actionable misstatements or omissions by defendants.

      MGT is a small technology company that traded on the NYSE MKT exchange. It announced in May 2016 that it had entered into agreements to acquire two cybersecurity start-ups in connection with its planned expansion into the cybersecurity space. However, in September 2016, before those acquisitions closed, MGT received an unexpected information subpoena from the SEC, and two business days after that, the NYSE MKT refused to approve issuance of the additional MGT shares needed to consummate the acquisitions. In October 2016, the NYSE MKT went further and decided, over MGT's strong objections, to delist MGT's stock from its exchange, having come to the view that MGT no longer met its internal standards for what constitutes an "operating company." The value of MGT's stock declined significantly following the issuance of the SEC subpoena and each decision by the NYSE MKT.

**KRAMER LEVIN NAFTALIS & FRANKEL** LLP

The Honorable Naomi Reice Buchwald
August 29, 2017
Page 2

      Although MGT's public filings and statements disclosed all relevant facts about MGT's operations and evolving business strategy, as well as the risks that the NYSE MKT might not approve the additional shares needed for the acquisitions, and might even delist MGT, several stockholder class actions were filed. Plaintiffs claim that MGT's disclosures in six press releases and its proxy statement concerning the proposed acquisitions were materially false and misleading because they did not also: (a) include a negative self-assessment that MGT did not meet the NYSE MKT's standards for an "operating company" in the months before that exchange made that determination, and (b) make a negative prediction that, despite its pending application to the NYSE MKT for approval, the exchange was "unlikely" to list the shares needed to close the acquisitions and was "likely" to delist MGT.

      These allegations fail to state a claim for several reasons. *First,* the securities laws do not require companies to draw the worst possible inferences or conclusions from fully disclosed facts. *Second,* those laws also do not require companies to make pessimistic predictions as to future events, especially as to the outcome of discretionary decisions by third-party regulators. *Third,* Plaintiffs' remaining allegations amount to nothing beyond criticisms of MGT's management, operations and personnel, for which Sections 10(b) and 20(a) do not provide remedies.

      Accordingly, defendants respectfully request that the Court dismiss plaintiffs' Amended Complaint, with prejudice.

      Defendants respectfully request oral argument.

      Respectfully yours,

      John P. Coffey

cc:    Jeremy A. Lieberman
       Murielle J. Steven Walsh
       Aatif Iqbal
       POMERANTZ LLP
       600 Third Ave., 20th Floor
       New York, NY 10016
       Tel: (212) 661-1100
       Email: jalieberman@pomlaw.com
              mjsteven@pomlaw.com
              aiqbal@pomlaw.com

       *Lead Counsel for Plaintiffs*
      Brian P. Murray

KL3 3134186.2

**KRAMER LEVIN NAFTALIS & FRANKEL** LLP

The Honorable Naomi Reice Buchwald
August 29, 2017
Page 3

      Gregory B. Linkh
      GLANCY PRONGAY & MURRAY LLP
      230 Park Avenue, Suite 530
      New York, New York 10169
      Tel: (212) 682-5340
      Email:  bmurray@glancylaw.com
                   glinkh@glancylaw.com

*Additional Counsel for Plaintiffs*